UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE |
| | : | NO. 3:04-cr-60 (JCH) |
| v. | : | |
| | : | |
| DEAN SIMS, | : | DECEMBER 28, 2011 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2) (DOC. NO. 790)**

On November 28, 2011, the defendant, Dean Sims, filed a pro se Motion for Reduction of Sentence, seeking a reduction in the sentence originally imposed on June 15, 2005. See Doc. No. 790.

On December 20, 2004, Sims pled guilty to conspiring to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). Plea Agreement (Doc. No. 280) at 1. On June 15, 2005, this court sentenced Sims to 120 months imprisonment, the mandatory minimum term of imprisonment for the offense. Judgment (Doc. No. 452) at 1. The court also imposed five years of supervised release, the mandatory minimum term of supervised release for the offense. Id.

Sims argues that he "is entitled to a reduction of sentence pursuant to [18 U.S.C. § 3582(c)(2)] based upon the retroactive application of the Fair Sentencing Act of 2010." Mot. for Reduction of Sentence at 3. It is true that "the United States Sentencing Commission amended the sentencing guidelines in light of the [Fair Sentencing Act], and in June 2011 voted to give retroactive effect to the amendment." United States v. Midyett, No. 10-cr-2478, 2011 WL 5903672, at *2 n.2 (2d Cir. Nov. 28, 2011). While the amended guidelines are retroactive, however, the Fair Sentencing Act itself is not. Id.

1

Thus, the amended guidelines "cannot benefit a defendant . . . who received the mandatory minimum term of imprisonment applicable at the time he was sentenced." Id. Because Sims received the mandatory minimum term of imprisonment applicable at the time of his sentencing, he is not eligible for a reduced sentence.

Sims also requests a reduction in the term of his supervised release. First, the court notes that the language of section 3582(c)(2) only authorizes a court to reduce a defendant's term of imprisonment, not his term of supervised release. See 18 U.S.C. § 3582(c)(2). Even if reduction of a defendant's term of supervised release were contemplated by section 3582(c)(2), Sims would not be eligible, as he was sentenced to the mandatory minimum term of supervised release applicable at the time of his sentencing.

For the foregoing reasons, the Motion for Reduction of Sentence (Doc. No. 790) is **denied.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 28th day of December, 2011.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge